FILED
CLERK OF COURT

2024 NOV -5 PM 12: 23

SUPERIOR COURT
OF GUAM

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,** | **Criminal Case No. CF0446-18** |
| | GPD Report No. 18-21592 |
| v. | |
| | **DECISION AND ORDER** |
| **LOUIS ANTHONY VARGAS,** | **DENYING DEFENDANT'S MOTION** |
| DOB: 06/06/1985 | **TO DISMISS SUPERSEDING** |
| | **INDICTMENT DUE TO DOUBLE** |
| Defendant. | **JEOPARDY** |

### INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on August 23, 2024 for hearing on Louis Anthony Vargas's ("Defendant's") Motion to Dismiss Superseding Indictment Due to Double Jeopardy ("Motion"). Assistant Attorney General Christine Tenorio represents the People, and Assistant Public Defender Stephen Hattori represents Defendant. Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **DENIES** Defendant's Motion.

### BACKGROUND

On May 14, 2021, an Amended Indictment was filed, charging Defendant with Charge One (Five Counts): First Degree Criminal Sexual Conduct (as a 1st Degree Felony) with Special Allegation: Vulnerable Victim Enhancement, and Charge Two (Five Counts): Second Degree Criminal Sexual Conduct (as a 1st Degree Felony) with Special Allegation: Vulnerable Victim Enhancement. See Amended Indictment (May 14, 2021). The charges stem from allegations that Defendant repeatedly sexually penetrated L.E.L. (DOB: 08/27/2008) ("Victim"), a minor under the age of 13, over a multi-year period, with both his penis and foreign objects. Id.

A jury trial was held between April 27, 2021 and May 20, 2021. Following the trial, the jury returned a guilty verdict for Charge Two (Count Four): Second Degree Criminal Sexual Conduct (as a 1st Degree Felony) and its accompanying Vulnerable Victim Enhancement. See Verdict Forms 17

Decision and Order Denying Defendant's Motion to Dismiss Superseding Indictment Due to Double Jeopardy
CF0446-18, *People of Guam v. Louis Anthony Vargas*
Page 1 of 8

& 18 (May 20, 2021). However, the jury was unable to reach unanimous verdicts on the other charges. See Verdict Forms 1-16, 19, & 20 (May 20, 2021). The Court accepted the jury's verdict and declared a mistrial on the charges the jury was unable to reach unanimous verdicts on. See Minute Entry (May 20, 2021).

The People originally expressed their intent to retry the charges on which the jury was hung, and a future trial was set for July 2021. See Minute Entry (May 21, 2021). However, the People quickly moved to dismiss all remaining charges *without prejudice*. See People's Motion to Dismiss Remaining Charges Without Prejudice at 1-2 (Jun. 10, 2021). This was because the Victim was unable to testify against the Defendant in the upcoming trial due to emotional distress caused by reliving the incidents at the first trial. Id. at 1. The Court granted the People's request and dismissed the remaining charges *without prejudice*. See Decision and Order Granting the People's Motion to Dismiss Remaining Charges Without Prejudice at 3-4 (Sep. 13, 2021); Order for Dismissal (Jan. 10, 2022).

Defendant's conviction of Charge Two (Count Four): Second Degree Criminal Sexual Conduct (as a 1st Degree Felony) would ultimately be vacated by the Supreme Court of Guam after they found an unrelated violation of Defendant's Sixth Amendment rights. See *People v. Vargas*, 2024 Guam 1 ¶ 32. That matter was remanded for a new trial. Id. at ¶ 32.

Three years later, with the Defendant's conviction now vacated, the People filed a Superseding Indictment, bringing forth all the same charges and special allegations to which Defendant was originally tried in 2021. See Superseding Indictment (Jul. 12, 2024).

On July 26, 2024, Defendant filed his Motion to Dismiss Superseding Indictment Due to Double Jeopardy. Seeking dismissal of the Superseding Indictment, Defendant claims that the People's multi-year wait before refiling the charges has prejudiced him by unreasonably interfering with his ability to prepare a defense. See Motion at 3-5 (Jul. 26, 2024). Defendant also claims Double Jeopardy bars retrial because the mistrial was improperly declared without any manifest necessity to do so. Id. at 6-9.

On July 29, 2024, the People filed their Opposition to Defendant's Motion ("Opposition"). The People claim Defendant is simply rehashing an old Motion to Dismiss with Prejudice filed on

Decision and Order Denying Defendant's Motion to Dismiss Superseding Indictment Due to Double Jeopardy
CF0446-18, *People of Guam v. Louis Anthony Vargas*
Page **2** of **8**

June 24, 2021, which the Court already denied in its September 13, 2021 Decision and Order. See Opposition at 3 (Jul. 29, 2024). The People also claim Defendant is barred from claiming Double Jeopardy protections because he consented to the original mistrial. Id. at 3-4. Lastly, the People claim Double Jeopardy does not bar retrial, even if Defendant hadn't consented to the mistrial, because the mistrial was declared in manifest necessity. Id. at 4-6.

On August 19, 2024, Defendant filed his Reply to Opposition ("Reply"). Defendant denies consenting to the mistrial, and claims that absent his consent, manifest necessity does not exist to permit the mistrial. See Reply at 1-2 (Aug. 19, 2024).

The Court held a hearing on August 23, 2024. After hearing the arguments of the parties, the Court took the matter under advisement.

## DISCUSSION

**I.** **The People preserved their right to refile the charges on a future date because they complied with all statutory requirements and had a good faith reason for seeking dismissal in June 2021.**

Pursuant to 8 G.C.A. § 80.70, the People may file a motion for dismissal with leave of court. 8 G.C.A. § 80.70(a) provides that:

> The prosecuting attorney may with leave of court file a dismissal of an indictment, information or complaint and the prosecution shall thereupon terminate... The prosecuting attorney shall file a statement of his reasons for seeking dismissal when he applies for leave to file a dismissal and where leave is granted the court's order shall set forth the reasons for granting such leave.

The primary purpose for the "leave of court" requirement is to "prevent harassment of a defendant by a prosecutor's charging, dismissing, and recharging the defendant with a crime." See People v. Gutierrez, 2005 Guam 19, ¶ 66 (citing U.S. v. Derr, 726 F.2d 617, 619 (10th Cir. 1984)). "The prosecutor's good or bad faith *in bringing the motion* is the determining factor in granting or denying the motion." Id. at ¶ 51. "The trial court at the very least must know the prosecutor's reasons for seeking to dismiss the indictment and the facts underlying the prosecutor's decision." Id. at ¶ 66 (internal citations omitted).

Here, the People properly laid out their reasons for seeking dismissal, explaining that the Victim was unable to testify in the immediate future due to emotional distress caused by reliving the

Decision and Order Denying Defendant's Motion to Dismiss Superseding Indictment Due to Double Jeopardy
CF0446-18, *People of Guam v. Louis Anthony Vargas*
Page **3** of **8**

incidents at the first trial. See People's Motion to Dismiss Remaining Charges Without Prejudice at 1 (Jun. 10, 2021). There is nothing to suggest that they sought dismissal in bad faith. Rather, dismissal was sought to protect the Victim's mental health. Id. at 1. At the time, the Victim was a 12-year-old girl who had just given two days of testimony in an open courtroom. See Minute Entry (May 3, 2021); Minute Entry (May 4, 2021). The People sought dismissal because Defendant had asserted his right to a speedy trial, and the Victim's emotional health prevented her from testifying again on such short notice. See People's Motion to Dismiss Remaining Charges Without Prejudice at 1-2 (Jun. 10, 2021). This good faith reason preserved the People's ability to refile a Superseding Indictment on a future date.

**II. Defendant has failed to show any unfair prejudice caused by this current refiling. The prejudice Defendant does claim is speculative in nature, and was already considered in the Legislature of Guam's decision not to implement a statute of limitations on the crimes charged.**

Even though the People's dismissal was sought in good faith, the Court still maintains broad discretion and control over future attempts at refiling the charges. See *U.S. v. Taylor*, 487 U.S. 326, 333 (1988) (allowing courts to consider "prejudice to the defendant", "the seriousness of the offense", "the facts and circumstances of the case which led to the dismissal", and "the impact of a re-prosecution ... on the administration of justice" when considering whether to bar re-prosecution).

When determining the existence of unfair prejudice to the defendant, the length of delay "is closely related". Id. at 340. "The longer the delay, the greater the presumptive or actual prejudice to the defendant, in terms of his ability to prepare for trial or the restrictions on his liberty." Id. at 340. Whether the defense will be impaired "by dimming memories and loss of exculpatory evidence" should also be considered. See *Doggett v. U.S.*, 505 U.S. 647, 654 (1992).

Here, it took the People three (3) years to file their Superseding Indictment after dismissing the remaining charges. Now, several witnesses who testified in the first trial have moved off island. The memories of witnesses who do remain are also not as fresh as they once were. However, it's not apparent that any unfair prejudice has actually resulted from this delay. Three (3) years is not an exceptionally long time and it's likely that the witnesses still remember the key details they testified

Decision and Order Denying Defendant's Motion to Dismiss Superseding Indictment Due to Double Jeopardy
CF0446-18, *People of Guam v. Louis Anthony Vargas*
Page 4 of 8

to. Defendant has provided no reason to believe otherwise, or that any key exonerating evidence once available is now unobtainable due to this refiling.

There is also no statute of limitations for the crimes charged. See 8 G.C.A. § 10.17. In making this decision, the Legislature of Guam considered the seriousness of both First and Second Degree Criminal Sexual Conduct. The importance of prosecuting these crimes clearly outweighs any prejudice Defendant speculatively claims, evidenced by the Legislature's decision to set an indefinite statute of limitations.

**III.    Double Jeopardy does not bar re-trial of the charges because:**

    a.    **Defendant consented to the mistrial.**

As mentioned above, because the jury was hung, a mistrial was declared on Charge One (Five Counts), Charge Two (Counts One, Two, Three, & Five), and all their accompanying Vulnerable Victim Enhancements. See Minute Entry (May 20, 2021); Verdict Forms 1-16, 19, & 20 (May 20, 2021). This mistrial was declared without issuing an *Allen* charge to the jurors. See Minute Entry (May 20, 2021).

Defendant claims the mistrial was declared unnecessarily and is thus improper. See Motion at 6-9 (Jul. 26, 2024). Defendant claims an *Allen* charge should have first been given to the jurors concerning the charges they were unable to reach unanimous verdicts on, and only then would further division necessitate a mistrial. Id. at 6-9. In essence, an *Allen* charge is a jury instruction that encourages dissenting jurors to reconsider whether their verdict is proper, considering other, equally intelligent jurors ruled differently. See *Allen v. U.S.*, 164 U.S. 492, 501 (1896). This is not an instruction for dissenting jurors to merely acquiesce to the majority decision, rather, it encourages open and intelligent discussion among the jurors in reaching a unanimous verdict. Id. at 501-502.

"The Double Jeopardy Clause of the Fifth Amendment protects a criminal defendant from repeated prosecutions for the same offense." See *People v. Pablo*, 2016 Guam 29 ¶ 23. "As a part of this protection against multiple prosecutions, the Double Jeopardy Clause affords a criminal defendant a 'valued right to have his trial completed by a particular tribunal.'" Id. at ¶ 23 (quoting *Oregon v. Kennedy*, 456 U.S. 667, 671-672 (1982)). "In a jury trial, jeopardy attaches once the jury is empaneled and sworn." See *State v. Moriwake*, 65 Haw. 47, 47 (1982).

Decision and Order Denying Defendant's Motion to Dismiss Superseding Indictment Due to Double Jeopardy
CF0446-18, *People of Guam v. Louis Anthony Vargas*
Page 5 of 8

However, like other rights, Double Jeopardy protections can be knowingly and voluntarily waived. See *People v. Jorn*, 400 U.S. 470, 485 (1971) ("A motion by the defendant for mistrial is ordinarily assumed to remove any barrier to reprosecution, even if the defendant's motion is necessitated by prosecutorial or judicial error."). However, a defendant has not waived their Double Jeopardy protections if "*bad-faith* conduct by judge or prosecutor" incentivized the defendant's consent to mistrial. See *U.S. v. Dinitz*, 424 U.S. 600, 611 (1976) (emphasis added).

Here, Defendant consented to the mistrial. See Reporter's Transcript of Verdict Proceedings at 4 (Aug. 15, 2022). Although Defendant's counsel inquired whether "the Court would want to talk to them [the jurors], see if they could reach a verdict", he never actually asked for an *Allen* charge to be read, and left it completely to the Court's discretion. Id. at 4. Furthermore, Defendant's counsel responded "okay" when the Court expressed an intent to retry the case, without issuing an *Allen* charge to the jury. Id. at 4. There is also no indication this mistrial was based on bad-faith conduct by the government. Therefore, Defendant validly consented to the mistrial and waived any double jeopardy protections regarding the remaining charges.

**b. Even if Defendant had not consented to the mistrial, retrial is still permissible because manifest necessity dictated the mistrial.**

The Double Jeopardy Clause "does not '*guarantee* to the defendant... the enforcement of the criminal laws in one proceeding'", despite its purpose at preventing repeated prosecutions of the same offense. See *People v. Pablo*, 2016 Guam 29 at ¶ 23 (citing *U.S. v. Dinitz*, 424 U.S. 600, 672 (1976)) (emphasis added). Because criminal trials are extremely complicated affairs to manage, certain circumstances will inevitably come up where it's necessary to abort the proceedings before unanimous verdicts are reached.

If a trial in which jeopardy has attached is terminated over the objection of the defendant, the test for lifting the double jeopardy bar to a second trial is the "manifest necessity" standard laid out in *U.S. v. Perez*, 22 U.S. 579 (1824). Manifest necessity is determined by "taking all the circumstances into consideration" and the Judge is afforded a deal of "discretion on the subject". See *U.S. v. Perez*, 22 U.S. 579, 580 (1824). "The most common form of 'manifest necessity' is a mistrial declared by the judge following the jury's declaration that it was unable to reach a verdict." See *People v. Pablo*,

Decision and Order Denying Defendant's Motion to Dismiss Superseding Indictment Due to Double Jeopardy
CF0446-18, *People of Guam v. Louis Anthony Vargas*
Page **6** of **8**

2016 Guam 29 ¶ 24 (internal citations omitted). "In determining whether to declare a mistrial because of jury deadlock, relevant factors for the … court to consider include the jury's collective opinion that it cannot agree, the length of the trial and complexity of the issues, the length of time the jury has deliberated, whether the defendant has objected to a mistrial, and the effects of exhaustion or coercion on the jury." See *U.S. v. Hernandez-Guardado*, 228 F.3d 1017, 1029 (9th Cir. 2000). If a mistrial is declared improperly, without manifest necessity, double jeopardy bars retrial. See *U.S. v. Jorn*, 400 U.S. 470, 487 (1971).

Here, jeopardy had attached to all charges because the jury was empaneled and sworn in. See Minute Entry (Apr. 27, 2021). However, the jury was deadlocked on Charge One (Five Counts), Charge Two (Counts One, Two, Three, and Five), and all their accompanying Vulnerable Victim Enhancements. See Verdict Forms 1-16, 19, & 20 (May 20, 2021). Declaring a mistrial as to those charges was the only feasible option considering all the circumstances.

The jury's revelation that it was unable to reach unanimous verdicts on those charges came after the Court was already informed of their guilty verdicts on Charge Two (Count Four) and its accompanying Vulnerable Victim Enhancement. See Reporter's Transcript of Verdict Proceedings at 2-4 (Aug. 15, 2022). The Court's knowledge of the two guilty verdicts intensified the coercive effect of a future *Allen* charge, and prevented the Court from issuing one to the jury. See *Brasfield v. U.S.*, 272 U.S. 448, 449-450 (1926) (holding that the Court's knowledge as to how a jury is divided prevents further jury deliberations due to its coercive effect). Although the Court was not informed of how the jury was divided as to the remaining charges, its knowledge of the jury's unanimous guilty verdicts on Charge Two (Count Four) and its accompanying Vulnerable Victim Enhancement fit firmly into *Brasfield*. Permitting further jury deliberation would incentivize a decision in line with the verdicts already revealed. This coercive effect prevented the Court from issuing an *Allen* charge or affording the jury more time to reach unanimous decisions on the remaining charges.

The length of time the jury deliberated and the exhaustive effect this had on them also contributed to the manifest necessity of a mistrial. The jury deliberated for several days before determining they were unable to reach a unanimous verdict. This is a sufficiently long enough time to necessitate a mistrial without additional deliberation. See *Renico v. Lett*, 559 U.S. 766, 779 (2010)

Decision and Order Denying Defendant's Motion to Dismiss Superseding Indictment Due to Double Jeopardy
CF0446-18, *People of Guam v. Louis Anthony Vargas*
Page 7 of 8

(finding that a deadlocked jury, after approximately five hours of deliberation, sufficiently necessitates a mistrial). The jury put forth a thorough and good faith attempt at reaching a unanimous decision, despite not being able to ultimately agree. Because the jury failed to reach a unanimous verdict after their exhaustive efforts to do so, it was necessary to declare a mistrial.

## CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's Motion. The Superseding Indictment will not be dismissed on either unfair prejudice or Double Jeopardy grounds.

**IT IS SO ORDERED** this _November 5, 2024_.

_____
**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

**SERVICE VIA EMAIL**
I acknowledge that an electronic copy of the original was e-mailed to:

AG, PPSC

Date: 11/5/24 Time: 12:28pm

Antonio C. Cruz
Deputy Clerk, Superior Court of Guam

Decision and Order Denying Defendant's Motion to Dismiss Superseding Indictment Due to Double Jeopardy
CF0446-18, *People of Guam v. Louis Anthony Vargas*
Page **8** of **8**